U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

SEP -4 2012

CLERK, U.S. DISTRICT COURT
By_____
            Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CLINTON WADE DUNSON, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:12-CV-310-A |
| | § | (No. 4:06-CR-097-A) |
| UNITED STATES OF AMERICA | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION
and
ORDER

Now under consideration by the court is the motion of Clinton Wade Dunson ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Having reviewed the motion and accompanying memorandum of law, the record, the government's response, movant's reply, and applicable legal authorities, the court concludes that the motion should be denied.

I.

Background

Movant was indicted on May 17, 2006 for possession of a firearm by a convicted felon under 18 U.S.C. §§ 922(g)(1) and 924(e). He filed a motion to suppress the gun, which was denied on August 4, 2006. At his rearraignment on August 25, 2006, movant entered a conditional guilty plea, the day after he had signed the factual resume concerning the crime. During the rearraignment proceedings, movant stated that he understood the nature of his plea, and that he understood the legal significance of his guilty plea, including the fact that he could receive a longer sentence than he wanted. Rearraignment Tr. at 6-7. The

defendant admitted that all of the facts stipulated were true and correct. Id. at 17. When the court asked him whether he was satisfied with his attorney, he responded, "Yes, sir." Id. at 13. He was then asked by the court whether he had "any complaint whatsoever with the legal representation" his attorney had provided, to which he responded, "No, sir." Id.

On December 8, 2006, movant was sentenced to a term of 120 months imprisonment and a three-year term of supervised release. Movant then appealed the conviction and sentence, arguing that the search of his vehicle was illegal; and his conviction and sentence were affirmed. United States v. Dunson, 251 Fed. Appx. 906 (5th Cir. 2007). The Supreme Court granted certiorari and vacated the appellate court's judgment in light of Arizona v. Gant, 556 U.S. 332 (2009). Dunson v. U.S., 556 U.S. 1218 (2009). The case was thereafter remanded to this court for an evidentiary hearing to determine whether the gun would have been inevitably discovered in the vehicle. United States v. Dunson, 345 Fed. Appx. 956 (5th Cir. 2009).

On remand, this court held an evidentiary hearing on May 12, 2010, and concluded that the items found in the vehicle "would legitimately have been uncovered, and discovered, pursuant to normal police practices even if there had not been a search of the vehicle incident to defendant's arrest." United States v. Dunson, No. 4:06-CR-097-A (N.D. Tex. May 12, 2010). This court further concluded that the "inevitable discovery" doctrine applied, since the gun would have been inevitably discovered

2

during the police department's routine inventory procedures. Id. This court's decision was affirmed by the Fifth Circuit, United States v. Dunson, No. 06-11374, 2010 U.S. App. LEXIS 23172 (5th Cir. Nov. 5, 2010), and certiorari was denied by the Supreme Court, Dunson v. United States, 131 S. Ct. 3025 (June 20, 2011). Movant then timely filed this motion under 28 U.S.C. § 2255, and his accompanying memorandum of law, on May 18, 2012. The government responded on July 6, 2012, and movant filed his reply on August 10, 2012.

II.

Grounds of the Motion

Movant asserts four grounds for relief, three based on ineffective assistance of counsel, and one based on illegal search and seizure under the Fourth Amendment. Movant claims (1) he "was denied the effective assistance from counsel, contrary to the Sixth Amendment, because [his attorney] did not independently investigate the case and withheld information;" (2) he "was denied effective assistance from counsel on direct appeal, contrary to the Fourteenth Amendment, because [his attorney] withheld beneficial information capable of proving innocence;" (3) he "was denied effective assistance from counsel on direct appeal, contrary to the Fourteenth Amendment, because [another of his attorneys] failed to introduce beneficial information capable of proving innocence;" and (4) the "evidence in this case was illegally seized in a search incident to arrest, contrary to the Fourth Amendment, and the evidence would not have been inevitably

3

discovered." Mot. at 5-9.

### III.

### Analysis

A. Legal Standard for 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), cert. denied, 502 U.S. 1076 (1992). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232. Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575

4

F.2d 515, 517-18 (5th Cir. 1978)).

B. <u>Ineffective Assistance of Counsel Claims</u>

To prevail on an ineffective assistance of counsel claim, movant must show (1) that his counsel's performance fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceedings would have been different. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). Both prongs of the <u>Strickland</u> test must be met to demonstrate ineffective assistance. <u>Id.</u> at 697. Further, "[a] court need not address both components of an ineffective assistance of counsel claim if the movant makes an insufficient showing on one." <u>United States v. Stewart</u>, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," <u>Harrington v. Richter</u>, 131 S. Ct. 770, 792 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." <u>Cullen v. Pinholster</u>, 131 S. Ct. 1388, 1403 (2011) (quoting <u>Strickland</u>, 466 U.S. at 686)). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. <u>Strickland</u>, 466 U.S. at 689.

First, movant asserts that his trial counsel failed to investigate the facts and withheld information. Mot. at 5. In

5

support of this assertion, movant states that his attorney "disregarded" movant's belief regarding "discrepancies in the arrest report," and did not take action regarding a potential corroborating witness. Memo. at 11. Regarding the alleged discrepancies, they seem to center around movant's contention that there were two different reports, the first stating that the gun was found in a "purse," and the second stating that the gun was found in a "green bag." Memo. Ex. A, at 5. Movant's attorney discussed the situation with him, and determined that the issue was not worth pursuing. Id. at 6.

As far as the potential witness was concerned, movant claims in his memorandum that his attorney took no action to investigate the witness. But, movant then states in an unsworn "affidavit" attached to his memorandum, that his attorney explained that the witness "had been talked to," and that an investigator had obtained a statement from the witness concerning the events surrounding movant's arrest. Memo. Ex. A, at 8. Further, movant's attorney "said he did not want to put her on the stand-- he did not want to 'muddy the waters.'" Id. Movant complains that neither the witness nor the investigator who spoke with the witness testified on movant's behalf, even though movant states that he was "led to believe" that certain information would be presented; however, he offers no facts or support explaining how he was so led to believe or that it would have made any difference in the outcome of the proceedings. Further, the Fifth Circuit has explained that "complaints of uncalled witnesses are

6

not favored in federal habeas corpus review because allegations of what the witness would have testified are largely speculative." Evans v. Cockrell, 285 F.3d 370, 377 (5th Cir. 2002) (citing Sayre v. Anderson, 238 F.3d 631, 635-36 (5th Cir. 2001)). Movant argues repeatedly that the potential witness would have offered testimony that would benefit him, but does not provide any independent information such as an affidavit, to provide any support for his argument.

The government correctly points out that movant "never provides any independent evidence containing sufficient indicia of reliability to substantiate the allegations" and that "we are left with his self-serving, unsubstantiated, and uncorroborated claims." Resp. at 11. It is clear that movant's attorney did a sufficient investigation of the facts, and made reasonable, strategic decisions concerning movant's defense. Movant's attorney spoke with him at length about his case and discussed decisions with him. Mot., Ex. A, at 5-8. Movant's attorney moved to suppress the gun in order to ultimately seek Supreme Court review, even though the binding precedent at the time was unfavorable to movant. Order on Mot. to Suppress, Aug. 4, 2006.

In movant's reply, he also asserts that his counsel was deficient in advising him to enter a guilty plea, simply because movant ended up being sentenced to the "maximum punishment;" however, movant provides no support for his contention. Reply at 6. A "guilty plea is open to attack on the ground that counsel did not provide the [prisoner] with reasonably competent advice."

7

<u>Cuyler v. Sullivan</u>, 446 U.S. 335, 344 (1980). However, movant's self-serving, after-the-fact allegations fail to overcome the strong presumption of truth accorded to his own statements made to this court at rearraignment. During his rearraignment, movant made clear that he was satisfied with his legal representation and that his guilty plea was voluntary. Rearraignment Tr., Aug. 25, 2006, at 3, 5, 6, 9, 11-14. As the record reflects, the court ensured that movant understood (1) his constitutional rights; (2) his potential sentence; (3) the role of the sentencing guidelines and the judge in determining a sentence; (4) the consequences of waiving his rights and pleading guilty; (5) the nature of the charge he intended to plead guilty to and the elements to that charge; and (6) the factual basis for his guilty plea. Factual Resume; Rearraignment Tr., Aug. 25, 2006.

In his reply, movant attempts to refute the evidence that he was satisfied with his trial counsel by arguing that he "filed a formal complaint" in an attempt to secure a new attorney. Reply at 3. However, the record shows that after consulting with the attorney appointed as a potential replacement, movant abandoned this attempt and was "willing to proceed with this case" with his original attorney. Report on Appt. on Mot. to Withdraw, Aug. 17, 2006. After withdrawing his complaints, he testified in court that he was satisfied with his legal representation and had no problems with his attorney. Rearraignment Tr. at 6-7.

Movant's sworn assurances to the court and his stipulation to the factual resume confirm that his attorneys reviewed the

case and discussed alternatives with him, and believed a guilty plea was in his best interests. Movant fails to overcome these sworn statements with his belated allegations that his attorney was deficient in advising him to plead guilty. See United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998).

Second, movant asserts that his counsel on direct appeal was ineffective, because he "withheld beneficial information capable of proving innocence." Memo. at 13. Although he alleges this claim in the context of an appeal, it appears that he is referring to the evidentiary hearing held by this court on remand, as he refers to his attorney's actions at the "Remand Hearing" and restates the same arguments from his first claim. Mot. at 6. He argues that his attorney did not raise the facts and issues that he had stressed, did not call the same witness whom movant believed had information that would help his case, and did not call the investigator to read the witness's statement. Id.; Memo. at 14.

With regard to the issues raised, the record clearly reflects that movant's attorney did raise issues relevant to the search of movant's vehicle while cross-examining the police officer who found the gun. Movant's attorney elicited from the officer that the vehicle was legally parked, and that the vehicle had never been reported as stolen and did not "come back" as stolen in police records, thereby attempting to establish that the vehicle should not have been towed. Reh'g Tr. at 20-22. His attorney further argued at the hearing that the government had

9

not met its burden, that the vehicle was searched incident to movant's arrest and not pursuant to an inventory policy, as "[t]he situation in this case would not have required that the officer impound the vehicle and have it towed and, therefore, would not have lead to the inventory search that would have discovered the contraband in this case." Id. at 25. Movant's attorney clearly met the standard of objective reasonableness in movant's rehearing, and there is no indication whatsoever that the outcome would have been any more favorable to movant if the witness had been called. Thus, movant cannot satisfy either prong of Strickland, and his second claim fails.

Third, movant asserts that his second attorney on appeal, after the second evidentiary hearing, was ineffective, because he also "failed to introduce beneficial information capable of proving innocence." Memo. at 15. Movant's argument for this claim is that, when movant "expressed his concerns about the information [his previous attorney] withheld," his second attorney informed him that he could only address what the previous attorney had presented. Movant further asserts, with no support, that "additional evidentiary hearings were not sought, nor was any attempt made to expand the record." Memo. at 16. Movant offers no other facts or information regarding this claim, except to simply restate his version of the facts surrounding his arrest. Like movant's first two claims, this claim meets neither prong under Strickland and must fail.

None of movant's ineffective assistance of counsel claims

10

can pass the <u>Strickland</u> test in any respect. Movant does not demonstrate that counsel's performance fell below an objective standard of reasonableness, nor does he demonstrate any reasonable probability that, but for his counsel's performance, the outcome of his proceedings would have been different. Thus, Movant has adduced nothing that would overcome the strong presumption that the conduct of his attorney fell within the wide range of reasonable professional assistance. <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. at 687-89, and he cannot clear the hurdle imposed by <u>Strickland</u> and its progeny.

    C. <u>Illegal Search and Seizure Claim</u>

Movant argues that the gun "was illegally seized in a search incident to arrest" and "would not have been inevitably discovered," essentially disagreeing with the court's findings at the second evidentiary hearing and with the appellate court's conclusion on appeal. Mot. at 9. Because these Fourth Amendment claims were considered and rejected on direct appeal, movant cannot relitigate them in a section 2255 motion. <u>See</u> <u>United States v. Kalish</u>, 780 F.2d 506, 508 (5th Cir. 1986) ("It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 motions."). Therefore, movant's claim for illegal search and seizure fails.

11

V.

ORDER

For the reasons articulated above,

The court ORDERS that movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

SIGNED September 4, 2012

_____
JOHN McBRYDE
United States District Judge